USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

**PROCESS RECEIPT AND RETURN**

| PLAINTIFF<br>STEVE JACKSON | COURT CASE NUMBER<br>08 C 2520 |
|---|---|
| DEFENDANT<br>SHERIFF TOM DART, ETAL. | TYPE OF PROCESS<br>SUMMONS & COMPLAINT |

SERVE AT }

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
MS. JACKSON, SUP. OF LAW LIBRARY AT COOK COUNTY JAIL

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
2600 SOUTH CALIFORNIA AVENUE - CHICAGO, IL 60608 *Legal Dept. 2nd Fle. Divs*

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| STEVE JACKSON - #2006-0060297<br>COOK COUNTY JAIL<br>P.O. BOX 089002<br>CHICAGO, ILLINOIS 60608 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 11 |
| | Check for service on U.S.A. | X |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*
Fold           Fold

| Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE<br>06-11-08 |
|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY— DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated.<br>*(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process<br>3 of 11 | District of Origin<br>No. 24 | District to Serve<br>No. 24 | Signature of Authorized USMS Deputy or Clerk R.T. | Date<br>06-10-08 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

**FILED**

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|

AUG 05 2008 RC
Aug 5, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

| Address *(complete only different than shown above)*<br>NOT Sonya. | Date<br>7/21/08 | Time<br>12:00 ☐ am ☒ pm |
|---|---|---|
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|

One Service Charge Same case + location See process sheet #2 for Charges.

REMARKS: 1 DUSM, 1 Hour, 14 miles

Not ~~~~ "Ms. Jackson" in the law library.

| PRINT 5 COPIES: | 1. CLERK OF THE COURT<br>2. USMS RECORD<br>3. NOTICE OF SERVICE<br>4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.<br>5. ACKNOWLEDGMENT OF RECEIPT | PRIOR EDITIONS MAY BE USED<br><br>Form USM-285<br>Rev. 12/15/80<br>Automated 01/00 |
|---|---|---|

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
(DISTRICT)

## Waiver of Service of Summons

TO: Steve Jackson
<u>(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)</u>

I, Ms. Jackson                                         acknowledge receipt of your request that I waive
(DEFENDANT NAME)

service of summons in the action of Steve Jackson vs. Sheriff Tom Dart, et al.
(CAPTION OF ACTION)

which is case number 08C2520                               in the United States District Court for the
(DOCKET NUMBER)

Northern District of Illinois                              .
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after June 10, 2008
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____                    _____
DATE                                              SIGNATURE

Printed/Typed Name: _____

As _____ of _____
TITLE                                        CORPORATE DEFENDANT

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO440 (REV. 10/93) Summons in a Civil Action

# United States District Court
## Northern District of Illinois

### SUMMONS IN A CIVIL ACTION

Steve Jackson
Plaintiff

vs.

Dart et al
Defendant

**CASE NUMBER**: 08-cv-02520

**JUDGE**: Rebecca R. Pallmeyer

**TO:**   Ms. Jackson

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

Name:   Steve Jackson
        #2006-0060297
Address: P.O. Box 089002
City:    Chicago, IL 60608

an answer to the complaint which is herewith served upon you, within **[20]** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: Roberto Perez
    Deputy Clerk

Dated: June 6, 2008

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me:^ | DATE |
|---|---|
| NAME OF SERVER (Print) | TITLE |

Check one box below to indicate appropriate method of service:

[ ]   Served personally upon the defendant.  Place where served:_____

_____

[ ]   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
      discretion then residing therein.  Name of person with whom the summons and complaint were left:_____
      _____

[ ]   Returned unexecuted:_____

[ ]   Other (specify): _____

                   _____

                   _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.


Executed on _____     _____
                   Date                              Signature of Server


                                    _____
                                              Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

RP

# FILED

**JUNE 5, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## RECEIVED

MAY 2 2008
MAY 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Steve Jackson

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Tom Dart — SALVIDOR GODINEZ
SUPt. ANDREWS
V. ALEXANDER — MS. HOOPER
MS. SANKEY
Roshanda CARROLL — Mr. WARREN
Mr. Martinez — Mr. Mueller
CIO fugate, Woods

MS. Jackson

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**08CV2520**
**JUDGE PALLMEYER**
**MAGISTRATE JUDGE ASHMAN**

Case No:_____
(To be supplied by the Clerk of this Court)

RECEIVED
UNITED STATES MARSHAL
NORTHERN DIST OF IL
ADMINISTRATIVE SECTION
2008 JUN 10 PM 1:49

**CHECK ONE ONLY:**

✓        **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
         U.S. Code (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
         **28 SECTION 1331 U.S. Code (federal defendants)**

_____    **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.    **Plaintiff(s):**

A.    Name: Steve Jackson

B.    List all aliases: Derrick Jackson

C.    Prisoner identification number: 20060060297

D.    Place of present confinement: Cook county Dept. of corrections

E.    Address: 2600 S. California chgo, Il 60608 Div. 10 DA

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A.    Defendant: Tom Dart

Title: Sherrif of Cook County

Place of Employment: _____

B.    Defendant: Salvidor Godinez

Title: Director of the Cook county Dept. of corrections

Place of Employment: _____

C.    Defendant: Supt ANDREWS

Title: Superintendant of Div. 10 - cook county Jail

Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

II. Defendant (S):

D. Defendant: V. AlEXANDER
   Title: Head Sup. of LAW library
   Place of Employment: Cook County Dept. of Corrections.
E. Defendant: MS. Hooper
   Title: Sup. of LAW Library
   Place of Employment: Cook County Dept. of corrections.
F. Defendant: MS. SanKey
   Title:   LAW Library Personnel
   Place of Employment: Cook county Dept. of corrections.
G. Defendant: Mr. Mueller
   Title: HEAD Sup. CRW - Social worker
   Place of Employment: Cook county Dept. of corrections.
H. Defendant: Roshonda CARRoll
   Title. Sup. CRW- Social worker
   Place of Employment: Cook county Dept. of corrections.
I. ~~Mr. Warren~~ Defendant: Mr. Warren
   ~~Place of Employment:~~ Title: Sup. CRW- Social worker
   Place of Employment: Cook county Dept. of corrections.
J. Defendant: Mr. MartinEZ
   Title:  CRW- Social worker
   Place of Employment: Cook county Dept. of corrections.
K. Defendant: MS. fugate, WOODS
   Title: Correctional officer
   Place of Employment: Cook county Dept. of corrections.

II Defendant(s):

L. Defendant: MS Jackson
   Title: Sup. of Law Library
   Place of Employment: Cook county Dept. of Corrections.

## III.    Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

YES (✓)  NO ( )  If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

YES (✓)  NO ( )

C.    If your answer is **YES**:

1.    What steps did you take?

I Grieved the Law librarians. Then I appeald their Responses.

2.    What was the result?

They'Re Saying they can look through and Read my legal mail and they CAN take my legal mail from me.

3.    If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)

I Appeald their Responses. They Said they CAN do what they want.

D.    If your answer is NO, explain why not:

_____

_____

_____

3

Revised:  7/28/03

E.    Is the grievance procedure now completed?   YES (✓) NO ( )

F.    If there is no grievance procedure in the institution, did you complain to authorities?  YES ( ) NO ( )

G.    If your answer is **YES**:

    1.    What steps did you take?

        _____

        _____

        _____

    2.    What was the result?

        _____

        _____

        _____

H.    If your answer is NO, explain why not:

        _____

        _____

4

Revised:  7/20/05

**IV.**  **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):**

**A.**  Name of case and docket number: Steve Jackson VS ~~————————~~ City of chicago et al. 07C 7066

**B.**  Approximate date of filing lawsuit: Dec. 17 07

**C.**  List all plaintiffs (if you had co-plaintiffs), including any aliases: Steve Jackson

**D.**  List all defendants: City of Chicago, Chicago Police Department, Phillip cline, Sgt Balos, Officer Singleton officer loffeedb

**E.**  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Nothern District of Illinois

**F.**  Name of judge to whom case was assigned: Judge Andersen

**G.**  Basic claim made: Police Brutality

**H.**  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Still Pending

**I.**  Approximate date of disposition: Still Pending

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised: 7/20/05

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Tom Dart is the sherrif of the county of cook. He is Responsible (And the overall functions of the C.C. Jail.) for all activities of his personnell. I've sent Numerous Unanswered letters to him about the conduct of the Law library personnell, CRW-Social worker staff - and his correctional officers. He has not answered my letters. There was No Relief given through him.

Salvidor GODINEZ is the Director of the cook county Jail. He too is Responsible for all activities of his personnell, And the overall functions of the cook county Jail. I've sent Numerous Unaswered letters to him about the conduct of the Law Library personnell, CRW-Social worker staff - And his correctional officers. He has not answered my letters. There was No Relief given through him.

Supt. ANDREWS is the Supt. of Div 10. in the cook county Dept. of corrections. He is Responsible for all Activities of his personnell, And the overall functions of Div 10. I've sent him Numerous Unanswered letters to him about the conduct of the Law library Personnell, CRW-Social worker staff - and the correctional Officers. ON Dec 24th 07, the Supt. came on the tier (2A) He came to ADDRESS other Concerns, but I was able to talk

Revised 9/2007

With him about the problems I'm having in the Law library.
I Explained to him that I had a court order that was not being
honored. He Reffered me to one of his Lieutenants
The Lietenant  said if my court order isn't honored, I should
Grieve the matter, Let my Judge know it's not being honored then
I should write to you. Nevertheless, they did Nothing.
V. Alexander is the Head sup. of the law library, I've Grieved
the law library Numerous times concerning them opening, reading
and looking through my legal mail. They've admitted Violating
my Constitutional Rights to the Social worker (Mr. Warren)
I've wrote Ms. Alexander stating that they were taking my
legal mail from me, Telling me that the mail Room would be
Picking my legal mail up. Also, I asked if they would give me
a Signature stating they were taking my legal mail from me.
Ms. Alexander said they didn't have to give me Nothing. She
said if I was an inmate with no money on the books, that
the only way my mail was going out, was to give my legal
mail to them. They put stamps on the other inmates legal mail
and then gave their legal mail back to them. I have staff
and Inmates who've witness these Incidents. My
Witnesses are: Dennis Plummer
Bobby Harris - 2004 007 2892, Kevin Johnson, 2004001307,

5                                                    Revised 9/2007

and many other Inmates. the Supt. knew about this, Capt. Martinez and many other staff members. I also have the Responses to all the uncivil acts I've Grieved. They've Admitted doing these wrong things to me.

MS Hooper is one of the Supervisors. She is the first of the two Law Librarians who looked through my (and Reads) legal mail. When I asked her why she was looking through my legal mail, She said "I'm making Sure there is No legal Garbage on the wrong folks." She would take Documents out of my legal mail. MS hooper was always very unprofessional when it Deals with me. She was the first who told me they would be taking my legal mail to the mail Room. I would Always tell her that if that were the Rules, then Give me her Signature Stating She would be taking my legal mail from me. She would Never Do that. She would Always become Angry with me and throw me out of the Law library.

MS. Sankey is the law librarian who's Normally working Div. 10 Law Library. She's the person who Did Not honor my court order to visit the law library. On several occassion MS Sankey's boyfriend approached me with some of his Gang members with shanks about me Grieving her. Internal Affairs had to get Involved and get the Gang members to back up off me. Counselor Warren Knows about this. MS. Sankey always wanted to take my legal mail from me. (and Read it) On three occassions She Did take my mail. Clo-fugate has been A witness to MS. Sankey taking my

Legal mail from me. MS. Sankey would Never Send my legal mail out UNless I stood there while she went through it (Reading it). I've wrote Numerous Grievances about ms. Sankey's behavior. None of the counselor's helped me with this matter. The Law Librarians have made up Numerous lies about me. They've tried everything to keep me out of the Law Library. They would tell Some of the Inmates that I was locked up for a string of Rapes. Inmate were believing I was in for Rape.

#10 WOODS-fugate  was the CIO present on my last visit to the Law Library before they barred me out of the law library. MS. fugate told me she sided with them only because She didn't Know about the things that had taken place before she became the Law library officer. She still was Collaborating with the Law Librarians who barred me out. She later confessed that she had got the story wrong. Some Of the other CIO's who knew about what was happening told her. I'm including Ms. fugate in my law suit because If she had told the truth from the beginning, I would not have been barred. Ms. fugate should have told the Supt. that I Said, if they want to take my legal mail from me, then I want the Signature of the person who's taking my legal mail from me.

Roshonda Carroll is one of the head counselors. I've written Numerous Grievances about this matter. She's gotten the Responses from the Law librarians admitting they've taken my Legal mail from me. I've Appealed this situation to her. She Knew about the Law librarians Not calling me to the law library for three weeks. Yet, she Did nothing to help me.

from my understanding, Roshonda Carroll, Mr. Warren and Mr. Mueller are Supervisors.

MR. Warren Did come see me a couple of times about the Situation. He knows about everything that happened in the Law library. I Admit, he did try to help me in the Beginning, but once they stopped honoring my court order, he told the Counselor, (Martinez) Not to help me with getting my legal Court papers copied. Also he told Counselor Martinez Not to help me with sending out my legal mail. When the law librarians Stopped me from coming to the Law library for three weeks, I had No way to prepare for court. Mr. Warren Would promise to get my legal mail sent out and Help me to get copies of my legal Documents. He Never kept his promises. In the end, he Joined the bandwagon of the Law librarians.

Mr Mueller is one of the Counseling Supervisors. I've wrote Numerous letters to him about the things that took place in Div. 10 Law library. My Grievances went to him as well. He too did Nothing to help me.

Mr. Martinez was the Counselor I dealt with on the everyday basis. He would tell me he contacted Mr. Warren all the time. He tried helping me once. He brought me five write-out to send out Some very Important mail. Mostly, I've entered his Name to use as a witness. He would say that the Law library Dept. was wrong, but he would Also say there is Nothing he could do about it. Maybe there wasn't Anything he could Do to help me. I'll Let the Court Decide.

<u>Ms. Jackson</u> is one of the law library supervisors. She came over to Div. ten with Ms. Hooper (supervisor) a couple of times. The reason I'm putting Ms. Jackson in this complaint is because when I tried to talk with her about the way I was being mistreated by the other law librarians, she told me to shut the hell up. She then told me not to talk to her about anything. She was very disrespectful to me also.

Also, I feel it was very wrong for the law library dept. to allow these law librarians to take my legal mail from me knowing I had grieved these law librarians. I feel it was wrong for these law librarians to spread the rumor that I had raped over 20 women. This entire division wanted to kill me. I have witnesses to these things. The law library dept. always gave me problems when it came to getting copies of my legal work to prepare for courts. These law librarians always told my private business to inmates. The law library dept. did everything they possibly could to sabotage my criminal defense. I've missed numerous deadlines on getting copies of motions. There are times they claimed they gave me copies when I attended the law library. They lied knowing I never signed for copies. Every time it seemed as though everything was cooling down, they would always come with something new. My life has been threatened because of Ms. Sankey (law librarian in Div. 10). Internal Affairs had to get involved. This situation really took it's toll on me. I hope and pray that this honorable court will help me.

Thank you and God bless.

Also, I just recently found out that the law librarians (Ms. Hooper & Ms. Sankey) both were wrong for reading my legal mail. The witnesses I've provided in these forms will testify that my legal mail was read, then taken from me.

**V.    Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I would Like this Honorable court to investigate this matter. I would Like for this matter to be delt with. Also, I would like to be compensated for all the mental stress and embarrassment they've caused me.

**VI.**    The plaintiff demands that the case be tried by a jury.    ☒ YES    ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __17__ day of __march__, 20 __08__

_Stevie Jackson_
(Signature of plaintiff or plaintiffs)

_Stevie Jackson_
(Print name)

_2006 006 0297_
(I.D. Number)

_2600 S. CAliFORNia, DiV 10 3D_
_Chicago, IL 60608, P.O. box 089002_
(Address)

6

Revised 9/2007

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2520 | **DATE** | June 5, 2008 |
| **CASE TITLE** | Steve Jackson (#2006-0060297) vs. Sheriff Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $7.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summonses for service on Defendants by the U.S. Marshal. The clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied, without prejudice.

■ **[For further details see text below.]**            Docketing to mail notices.

## STATEMENT

     Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, jail officials, have violated Plaintiff's constitutional rights by interfering with his access to the courts. More specifically, Plaintiff alleges that Defendants have denied him access to the law library despite court orders, as well as tampered with his incoming and outgoing legal mail.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify **(CONTINUED)**

TRUE COPY-ATTEST

MICHAEL W. DOBBINS, CLERK

By: _____

DEPUTY CLERK
U. S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS

6/6/08

mjm

Page 1 of 3

## STATEMENT (continued)

Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the court finds that the complaint states colorable causes of action under the Civil Rights Act. Prisoners have protected First Amendment rights to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). In addition, prisoners have a constitutional right under the First Amendment to meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). While a more fully developed record may belie Plaintiff's claims, Defendants must respond to the allegations in the complaint.

The clerk shall issue summonses for service of the complaint on Defendants. The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Finally, Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts."

**(CONTINUED)**

## STATEMENT (continued)

*Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.